UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RONALD L. MADDEN | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| CHATTANOOGA CITY WIDE SERVICE | ) | |
| DEPARTMENT, and the following persons in | ) | |
| their individual and official capacities: | ) | No.1:06-cv-213 |
| STEVE LEACH, WAYNE WILKERSON, | ) | |
| LEE NORRIS, JOE SHAW, | ) | Collier/Carter |
| JAMES H. TEMPLETON, BILL NEIGHBORS, | ) | |
| TONY L. BOYD, LEE ANN HAWK, | ) | |
| DARRELL HARPER, JEROME | ) | |
| WIGGINS, GEORGE E. CLAIBORNE JR., | ) | |
| ALBERT LLOYD and | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | |
|     *Defendants.* | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ronald Madden, *pro se*, has moved to amend his complaint to join Elliot Peigon as a defendant in this case (Doc. 49). For the reasons stated herein, it is RECOMMENDED plaintiff's motion to amend be DENIED.[1]

Plaintiff's original complaint brings claims against Chattanooga City Wide Services and a number of its employees, including James Templeton, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. §§ 1981 and 1983 alleging claims of employment discrimination and hostile work environment on the basis of his race. In the motion presently

---

[1] Because the undersigned finds that the plaintiff's proposed amendment to add new claims against new defendants should be denied as futile, I am submitting this opinion in the form of a report and recommendation. I do so because, absent consent of the parties, a magistrate judge is not authorized to make final decisions dispositive of a claim or defense of a party. *See* Fed. R. Civ. P. 72, 28 U.S.C. § 636(b); *HCC, Inc. v. RH & M Machine Co.*, 39 F.Supp. 2d 317 (D.C.N.Y. 1999) (magistrate judge's recommendation that defendant's motion for leave to amend a pleading be denied as futile would be reviewed *de novo* because denial of leave to amend was dispositive).

before the undersigned, the plaintiff seeks to add Elliot Peigon as a defendant alleging that Mr. Peigon, "with racial animus destroyed Plaintiff's personal property," specifically, an electrical typewriter and furniture, by removing them from his home and placing them in the yard in the rain without giving prior notice that he was being evicted (Plaintiff's Motion to Amend at 1, Doc. 49). Plaintiff also alleges in this proposed amendment that James H. Templeton, who is named in the original action as a defendant, acted "in concert and participation" with Elliot Peigon in destroying the plaintiff's property. *Id.*

Under Fed. R. Civ. P. 20(a), "[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff seeks to add a defendant based on an occurrence that is not the same as the occurrences which form the factual bases of his original complaint. It is, therefore, inappropriate to join Mr. Peigon to this particular action, and it is RECOMMENDED plaintiff's motion to join be DENIED.[2]

SO ORDERED.

ENTER:

                                                s/William B. Mitchell Carter
                                                UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).