UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RONALD L. MADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:06-CV-213 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| CHATTANOOGA CITY WIDE SERVICE ) | |
| DEPARTMENT, and the following persons ) | |
| in their individual and official capacities, ) | |
| STEVE LEACH, WAYNE WILKERSON, ) | |
| LEE NORRIS, JOE SHAW, JAMES H. ) | |
| TEMPELTON, BILL NEIGHBORS, TONY ) | |
| L. BOYD, LU ANN HAWK, DARRELL ) | |
| HARPER, JEROME WIGGINS, GEORGE ) | |
| E. CLAIBORNE, JR., ALBERT LLOYD, ) | |
| and ANTHONY MITCHELL, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court is Defendant Darrell Harper's ("Harper") motion to dismiss (Court File No. 10) and memorandum in support (Court File No. 11). Plaintiff Ronald Madden ("Plaintiff") filed a "Motion Objection to Darrell Harper Motion to Dismiss" (Court File No. 34) and a "Motion to Amend Plaintiff's Motion in Objection to Harper's Motion to Dismiss" (Court File No. 38). For the following reasons the Court will **GRANT** Harper's motion to dismiss and will **DISMISS** all Plaintiff's claims against him.

**I.     RELEVANT FACTS**

In his Complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983 against Defendants the Chattanooga City Wide Service Department, and the following in their individual and official capacities, Steve Leach, Donald Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, Lu Ann Hawk, and Darrell Harper, alleging racial harassment on the job and employment discrimination on the basis of race (Court File No. 3).[1] All of the Defendants are employees of the Chattanooga City Wide Service Department with the exception of Lu Ann Hawk[2] and Darrell Harper.[3]

Plaintiff is a former employee of Chattanooga City Wide Service Department ("City") (Court File No. 3). Plaintiff filed a number of internal complaints while employed by the City. *Id*. Plaintiff also filed a formal complaint with the United States Equal Employment Opportunity Commission ("EEOC") on February 10, 2006 (Court File Nos. 3,11). Plaintiff alleges Defendants improperly prohibited him from reasonable access to grievance proceedings by "improperly striking out motions, abusing their power of office and authority to address and rectify grievance, improperly employing Mr. Darrell Harper's support" (Court File No. 3). This is the only allegation in Plaintiff's

---

[1] Specifically, Plaintiff's complaint states he asserts claims for deprivation of his civil rights against unlawful employment discrimination, against unlawful practice of grievance proceeding, against denying equal protection clause, and arbitrary and capricious decisions as well as claims under the First, Fourteenth, and the Equal Protection Clause of the United States Constitution and Article 1, Section 20, 29, and 33 of the Tennessee Constitution (Court File No. 3).

[2] Plaintiff alleges, "Defendant Lu Ann Hawk, is and was at all times relevant to this action, U.S. EEOC Investigator" (Court File No. 3).

[3] Plaintiff brings his action against Harper in his individual and official capacity (Court File No. 3).

Complaint against Harper, other than alleging Harper is and was at all times relevant to this action, a hearing officer for the Employment Security Division of the Tennessee Department of Labor and Workforce Development.[4] *Id*. Harper alleges, without much elaboration, that he was the hearing officer who heard and decided an unemployment benefits action initiated by Plaintiff while he was employed by the City (Court File No. 11). Plaintiff was terminated from his employment on March 27, 2006 (Court File No. 3). He filed the instant action on October 4, 2006. *Id*.

## II.    STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc*., 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc*., 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, (1957); *see also Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth*., 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the

---

[4] The only other reference to Harper is contained in Plaintiff's prayer for relief, "that Defendant Darrell Harper pay the plaintiff One Million Dollars for the violation of plaintiff's rights herein described and complained of, Supra" (Court File No. 3).

complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)(citations and quotation marks omitted). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original). Conclusive allegations will not suffice as a valid cause of action for violations of constitutional and/or civil rights. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985).

While applying this standard, the Court must be mindful of the fact that a *pro se* complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

**III.    DISCUSSION**

Harper moves the Court to dismiss him from this case pursuant to Fed. R. Civ. P. 12(b)(6) due to Plaintiff's failure to state a claim upon which relief can be granted. As grounds, Harper alleges he is entitled to absolute judicial immunity concerning the allegations in Plaintiff's complaint since they solely concern his actions as a hearing officer for the Employment Security Division of

the Tennessee Department of Labor and Workforce Development (Court File Nos. 10,11). In response, Plaintiff argues Harper is not entitled to judicial immunity as he acted in "concert and participation" with other Defendants "in a collaborate sham" to deny Plaintiff his rights to a fair hearing and appeal of the same (Court File No. 34).[5] However, Plaintiff's complaint alleges Harper is, and was at all times relevant, a hearing officer (Court File No. 3). As an administrative hearing officer, Harper may be entitled to quasi-judicial immunity; however, he is not entitled to judicial immunity, as he alleges, since it is only extended to actual judges.[6] *See Mireless v. Waco*, 502 U.S. 9 (1991) (per curiam) (finding *judges* are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in a complete absence of jurisdiction) (emphasis added).

Absolute immunity has been extended to non-judicial officers who perform "quasi-judicial duties when (1) the functions of the official in question are comparable to those of a judge; (2) the nature of the controversy is intense enough that future harassment or intimidation by litigants is a realistic prospect; and (3) adequate safeguards exist to justify dispensing with private damage suite to control unconstitutional conduct." *Yee v. Michigan Supreme Court*, No. 06-CV-15142-DT, 2007

---

[5] Plaintiff's allegations of conspiracy are not sufficient to state a claim for violations of civil rights. "It is well settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987) (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984) (conspiracy claim properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory"); *see also MyLanas v. Tennessee*, No. 3:06CV00186, 2007 WL 404706, *5 (E.D. Tenn. Feb. 1, 2007) (dismissing plaintiff's conspiracy claims since there was nothing in the record to support plaintiff's allegation that the defendants had any agreement to injure plaintiff).

[6] The question of whether immunity will attach in a 42 U.S.C. § 1983 action is a question of federal law. *Martinez v. California*, 444 U.S. 277, 284 (1990).

WL 118931, *4 (E.D. Mich. Jan. 10, 2007) (citing *Butz v. Economou,* 438 U.S. 478, 512 (1978); *Busch v. Rauch,* 38 F.3d 842 (6th Cir.1994)); *see also Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992) (extending absolute quasi-judicial immunity to state medical licensing board examiners); *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735, *5 (6th Cir. Sept. 9, 1992)(extending quasi-judicial immunity to probation officers while performing duties to ensure a probationer was complying with the terms of probation); *Timson v. Wright*, 532 F.2d 552 (6th Cir .1976) (holding quasi-judicial immunity shields chief probation officer from liability). "Thus, a hearing officer who performs tasks that are an integral part of the judicial process is entitled to absolute 'quasi-judicial' immunity from suits for damages." *Yee*, 2007 WL 118931 at *4 (citing *Johnson v. Turner,* 125 F.3d 324, 333 (6th Cir.1997); *Foster v. Walsh,* 864 F.2d 416, 417-18 (6th Cir.1988)).

The paramount case for this proposition is *Butz v. Economou*, 438 U.S. 478 (1978). In *Butz*, the Supreme Court decided that absolute immunity could be extended to non-judges engaged in quasi-judicial proceedings. *Butz v. Economou*, 438 U.S. 478, 508, 512-13 (1978) (finding "adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be [absolutely] immune from suits for damages"). Under *Butz*, "the determination of whether an official is to be afforded absolute 'quasi-judicial' immunity for his official acts is accomplished through a functional analysis, i.e., a comparison of the functions the official performs with typical judicial functions." *Wright v. McClain*, 626 F.Supp.1073, 1074 (W.D. Tenn. 1986). In *Butz*, the Court specifically discussed hearing officers and found their role was "functionally comparable" to that of a judge; therefore they are entitled to absolute quasi-judicial immunity from damages liability for their judicial acts. *Butz*, 438 U.S. at 513. The Court went on to note that it would be wrong to distinguish between state

officials and federal officials in deciding on immunity from liability for damages under § 1983. *Id.* at 496-500.

Consequently, the central issue before the Court is whether Harper's actions can be considered judicial in nature. Plaintiff's claims relate to Harper's actions and decisions while he was engaged as a hearing officer with the Tennessee Department of Labor and Workforce Development presiding over an action which Plaintiff brought for unemployment benefits. Presiding over an unemployment benefits hearing is clearly judicial in nature as judges routinely preside over hearings. Additionally, Plaintiff's complaint affirmatively discloses that Harper was a state administrative hearing officer; therefore, he essentially "pleaded too much" and his complaint is subject to dismissal upon the Defendant's motion. *See Morrow v. Bassman*, 515 F.Supp. 587, 594 (S.D. Ohio 1981) (finding state welfare hearing officers in Ohio are absolutely immune from liability under section 1983 by virtue of their adjudicative function and responsibility).

Plaintiff opposes Harper's motion to dismiss by stating:

> Plaintiff asserts that Judge Harper acting as tribunal Judge should be held liable via his judicial action in making determination outside of his jurisdiction and without factual information when the Tribunal Judge suggesting to the City Wide Service Department that Plaintiff case be treated as an isolated incident. The Judge suggesting something outside of his jurisdiction and without any factual base and the Judge suggesting was not base on any factual or evidentiary information.

(Court File No. 38).[7] It appears Plaintiff is arguing that the exceptions to judicial immunity apply and therefore, he stated a claim against Harper. *See Johnson v. Turner*, 125 F.3d 324 (6th Cir.

---

[7] Plaintiff also alleges the State of Tennessee waived its Eleventh Amendment right to immunity pursuant to Tenn. R. Civ. P. 25.04 (Court File No. 38). Harper does not move for dismissal on Eleventh Amendment grounds, thus the Court will not consider this issue.

1997)(finding a judge "will not be immune from suit seeking monetary damages in two circumstances: (1) where the judge acts in a non-judicial capacity; or (2) where the judge acts in the complete absence of all jurisdiction"). However, as previously indicated, judicial immunity does not apply to Harper as he is not a judge. Therefore, Plaintiff's response and objections are without merit. As an administrative hearing officer, Harper is cloaked with absolute quasi-judicial immunity which insulates him from Plaintiff's claims.

**IV. CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Harper's motion to dismiss (Court File No. 10) and will **DISMISS** all Plaintiff's claims against him.

An Order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**