UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RONALD L. MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-CV-213 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| CHATTANOOGA CITY WIDE SERVICE | ) | |
| DEPARTMENT, and the following persons | ) | |
| in their individual and official capacities, | ) | |
| STEVE LEACH, WAYNE WILKERSON, | ) | |
| LEE NORRIS, JOE SHAW, JAMES H. | ) | |
| TEMPLETON, BILL NEIGHBORS, TONY | ) | |
| L. BOYD, LUANN HAWK, JEROME | ) | |
| WIGGINS, GEORGE E. CLAIBORNE, JR., | ) | |
| ALBERT LLOYD, and ANTHONY | ) | |
| MITCHELL, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Before the Court is *pro se* Plaintiff Ronald L. Madden's ("Plaintiff") motion/request for entry of default against Defendants Chattanooga City Wide Service Department, James Templeton, Bill Neighbors, Tony Boyd, Wayne Wilkerson, LuAnn Hawk, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, Steve Leach, Lee Norris, and Joe Shaw (Court File No. 58). Defendant Darrell Harper filed a reply brief in opposition (Court File No. 57).[1] Defendants

---

[1] Even though Plaintiff did not specifically name him in his request for default, Defendant Darrell Harper ("Harper") filed a brief in opposition. As grounds, Harper argued default was not appropriate since he had a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) pending before the Court (Court File No. 10). The Court subsequently entered an order and accompanying memorandum granting Harper's motion to dismiss and dismissed all of Plaintiff's claims against Harper (Court File Nos. 59 & 60). Therefore, Plaintiff's motion/request for default has been rendered moot as to Harper.

Chattanooga City Wide Service Department, Steve Leach, Lee Norris, Joe Shaw, James Templeton, Bill Neighbors, Tony Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd and Anthony Mitchell ("City Defendants") filed a reply brief in opposition to Plaintiff's motion/request for default (Court File No. 61). As grounds, the City Defendants argue they timely filed a response to Plaintiff's complaint in the form of a motion to dismiss which is pending before the Court (Court File No. 40). The City Defendants' motion to dismiss does not include Defendant LuAnn Hawk; therefore, on April 18, 2007, the Court entered an order requiring LuAnn Hawk to show cause by Monday, May 7, 2007 as to why default should not be entered against her (Court File No. 70). LuAnn Hawk timely responded to the Court's show cause on April 30, 2007 (Court File No. 72).[2] Plaintiff filed several briefs in support of his motion/request for default (Court File Nos. 63, 66 & 67), as well as a motion requesting a ruling on his request for default (Court File No. 74).

For the following reasons, the Court's order to show cause is **SATISFIED** and the Court will **DENY** Plaintiff's motion/request for entry of default (Court File No. 58).

I. **RELEVANT FACTS**

Plaintiff filed his complaint in this Court on October 4, 2006 seeking damages for racial harassment on the job and employment discrimination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. §§ 1981 and 1983 against Chattanooga City Wide Service Department, several of its employees, and an employee of the United States Equal Employment Opportunity Commission ("EEOC"), LuAnn Hawk, who

---

[2] In this response, it was brought to the Court's attention that Defendant Lee A. Hawk's correct name is LuAnn Hawk (Court File No. 72). The Court will refer to her by her correct name.

2

investigated Plaintiff's employment discrimination claim (Court File No. 3). Pursuant to the order granting Plaintiff's application to proceed *In Forma Pauperis* (Court File No. 2), the United States Marshal was charged with serving process on the Defendants. The United States Marshal's process receipt and return has been docketed for each of the Defendants (Court File Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, & 33). These documents indicate the United States Marshal's office sent a copy of the summons and complaint to the Defendants' respective places of employment by certified mail on October 18, 2006 and October 19, 2006 (*Id*.). Attached to these process receipts are certified mail return receipts dated October 23, 2006 and October 24, 2006, which are signed by persons other than Defendants (*Id*.).[3]

The City Defendants filed a motion to dismiss on December 14, 2006 (Court File No. 40) as well as a supporting affidavit and memorandum (Court File Nos. 41 & 42). Plaintiff filed a motion/request for entry of default on March 16, 2007 (Court File No. 58). Defendants subsequently filed their responses in opposition to entry of default.

## II. DISCUSSION

### A. Default against the City Defendants

The City Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is currently pending before the Court (Court File No. 40). Pursuant to Federal Rule of Civil Procedure 12(b) a "motion making any of these defenses shall be made before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). The granting of default judgment is not appropriate where defendants have filed a motion to dismiss. *See Rowe v. Register*, 172 Fed.Appx. 660, 661

---

[3] It does not appear that any of the actual Defendants signed the certified mail receipts which are docketed.

(6th Cir. 2006).

Plaintiff argues since the City Defendants filed their motion to dismiss approximately 50 days after the certified mail return receipts were signed by persons other than the Defendants, default should be entered against them. Federal Rule of Civil Procedure 55(a) states: "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55. However, Plaintiff has not shown he would be prejudiced by a denial of his request for entry of default. Moreover, the law expresses a strong preference that cases be decided on their merits. *Marbly v. Dept. of Treasury*, 22 Fed.Appx. 371, 372 (6th Cir. 2001); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Additionally, the Court questions whether the City Defendants were properly served pursuant to the Federal Rules of Civil Procedure. Accordingly, even though Defendants filed their motion to dismiss outside of the deadline provided by Federal Rules of Civil Procedure to answer or otherwise respond to a complaint, the Court will exercise its discretion and will **DENY** Plaintiff's motion/request for default against the City Defendants.

### B. Default against Defendant LuAnn Hawk

LuAnn Hawk ("Hawk") has not filed a responsive pleading to Plaintiff's complaint.[4] In her response to the Court's show cause order, Hawk asserts Plaintiff has not shown a right to default against her since Plaintiff has not established Hawk was properly served nor has he established a

---

[4] Hawk does not join in the City Defendants' motion to dismiss (Court File No. 40).

right to relief.[5] Plaintiff brings claims against Hawk in her official and individual capacities based on actions she took while investigating a charge of employment discrimination as an employee of the EEOC, which is an agency of the United States government (Court File No. 3). Consequently, both the EEOC and Hawk in her individual capacity are Defendants in this action. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (indicating if a federal employee is sued in her official capacity, the claim is treated as one against the federal agency).

In order to effectuate service on the EEOC, Plaintiff must comply with Federal Rule of Civil Procedure 4(i) ("Rule 4(i)"). Rule 4(i) provides service upon an agency of the United States is effected: (1) by delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought or by sending a copy of the summons and complaint by registered or certified mail to that office, and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington D.C., and (3) by sending a copy of the summons and complaint by registered or certified mail to the agency. FED. R. CIV. P. 4(i)(2)(A). The Court finds the EEOC has not properly been served with process since there is no evidence in the record that the local United States Attorney's office or the United States Attorney General's office in Washington D.C. has been properly served.

Additionally, Federal Rule of Civil Procedure 55(e) precludes a default judgment against an agency of the United States unless a claimant first establishes a right to relief. Plaintiff's claims

---

[5] In her brief, LuAnn Hawk also argues Plaintiff's claims against her should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The Court will address this argument in a separate memorandum and order.

against the EEOC are best construed as alleging negligence (Court File No. 3).[6] Under the United States Court of Appeals for the Sixth Circuit precedent, the EEOC and its employees cannot be liable for alleged malfeasance or misfeasance during the investigation of an employment discrimination charge. *Hadded v. E.E.O.C.*, 111 Fed.Appx. 413, 415 (6th Cir. 2004) ("Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge"); *see also Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge"). Accordingly, Plaintiff has failed to establish a right to relief and the Court finds entry of default is not appropriate as to the EEOC.

In order to effectuate service on Hawk in her individual capacity, Federal Rule of Civil Procedure 4(i)(2)(B) requires service on the agency of the United States as previously provided herein AND personal service on the federal employee, Hawk.[7] As previously noted, there is no evidence in the record that the United States has been properly served. Additionally, there is no evidence that Hawk has been personally served. In order to effectuate personal service on Hawk, a copy of the summons and complaint must be delivered to her personally or sent to her by certified mail pursuant to the relevant state law, Tennessee Rule of Civil Procedure 4.04. Under Tennessee law, service by certified mail is effective only if it was sent directly to Hawk and signed for by her.

---

[6] Specifically, Plaintiff alleges LuAnn Hawk unreasonably caused delays by transferring Plaintiff's EEOC case to Mississippi and failing to notify him of the transfer (Court File No. 3). Plaintiff also alleges he was unable to contact Hawk despite many efforts (*Id.*).

[7] Even though attorney James Allison indicates he represents Hawk in her official capacity only, he also argues default should not be entered against Hawk in her individual capacity (Court File No. 72).

TENN. R. CIV. P. 4.04(10) ("Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant . . ."). The record indicates the United States Marshals Service sent a copy of the summons and complaint by certified mail to the EEOC's Nashville office on October 19, 2007 (Court File No. 27). Latoya Stewart, an EEOC temporary receptionist, signed for it on October 23, 2006 (Court File Nos. 27 & 72). Accordingly, there is no evidence that Hawk has been properly served with process in her individual capacity; therefore, entry of default against her is not appropriate.

## III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion/request for entry of default (Court File No. 58).

An order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**