UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RONALD L. MADDEN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | 1:06-CV-213 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| CHATTANOOGA CITY WIDE SERVICE ) | |
| DEPARTMENT, and the following persons ) | |
| in their individual and official capacities, ) | |
| STEVE LEACH, WAYNE WILKERSON, ) | |
| LEE NORRIS, JOE SHAW, JAMES H. ) | |
| TEMPLETON, BILL NEIGHBORS, TONY ) | |
| L. BOYD, LUANN HAWK, JEROME ) | |
| WIGGINS, GEORGE E. CLAIBORNE, JR., ) | |
| ALBERT LLOYD, and ANTHONY ) | |
| MITCHELL, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Before the Court is Defendants Chattanooga City Wide Service Department, Steve Leach, Lee Norris, Joe Shaw, James Templeton, Bill Neighbors, Tony Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd and Anthony Mitchell's ("City Defendants") motion to dismiss (Court File No. 40) as well as their supporting affidavit and brief (Court File Nos. 41 & 42). *Pro se* Plaintiff Ronald L. Madden ("Plaintiff") filed several briefs in opposition to the City Defendants' motion to dismiss (Court File Nos. 43, 52, & 67). Also before the Court is Defendant LuAnn Hawk's ("Hawk") motion to dismiss (Court File No. 72).[1] For the following reasons, the

---

[1] In her brief responding to the Court's show cause order (Court File No. 72), Hawk argues Plaintiff's claims against her should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The Court construes this argument as a motion to dismiss. In the Court's previous memorandum opinion denying Plaintiff's motion/request for default (Court File No. 77),

Court: (1) will **DENY IN PART** and **GRANT IN PART** the City Defendants' motion to dismiss (Court File No. 40), (2) will **GRANT** Hawk's motion to dismiss (Court File No. 72), and (3) will **DISMISS** Plaintiff's claims against Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, and LuAnn Hawk in both their individual and official capacities.

I. **RELEVANT FACTS**

Plaintiff filed his complaint on October 4, 2006 seeking damages for racial harassment on the job and employment discrimination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981 and 1983 against Defendants Chattanooga City Wide Service Department, and the following in their individual and official capacities, Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, and LuAnn Hawk (Court File No. 3).[2] With the exception of LuAnn Hawk, all of the individual defendants were supervisors and co-workers of Plaintiff when he was employed by Chattanooga City Wide Service Department ("City") (Court File No. 42). LuAnn Hawk is an employee of the United States Equal Employment Opportunity Commission ("EEOC") who investigated Plaintiff's employment discrimination claims (Court File No. 72).

Plaintiff alleges he was employed by the City from February 11, 2004 until March 27, 2006

---

the Court indicated it would consider this argument in a separate memorandum and order. Plaintiff did not respond to Hawk's brief. In the interests of judicial economy, the Court will consider Hawk's motion to dismiss in the same memorandum opinion as the City Defendants' motion to dismiss.

[2] Plaintiff also asserts claims against Darrell Harper in his complaint; however, the Court has previously dismissed Plaintiff's claims against Darrell Harper (Court File Nos. 59 & 60).

(Court File Nos. 3 & 67).³ While Plaintiff was employed by the City he filed a number of internal complaints (Court File No. 3). Plaintiff also filed two charges of discrimination with the EEOC including: (1) EEOC charge number 494-2006-00364 on February 15, 2006, and (2) EEOC charge number 494-2006-01813 on June 7, 2006 (Court File Nos. 41 & 42). In the first charge Plaintiff alleges he was discriminated against due to his race since he was reprimanded for arriving to work late while other employees of a different race were not similarly reprimanded (Court File No. 52). Additionally, Plaintiff claims the City retaliated against him for reporting his complaints (*Id.*). In his second charge Plaintiff alleges race and age discrimination relating to his discharge from employment at the City (*Id.*). Specifically, Plaintiff alleges he was sent home after he used a firecracker to scare an aggressive dog on the job and another employee who discharged a firecracker was not terminated (*Id.*).⁴

The EEOC sent two identical right-to-sue letters to Plaintiff concerning both charge numbers on February 13, 2007 (Court File No. 52). These letters indicate the EEOC closed its file on both of Plaintiff's charges due to the fact that Plaintiff had already filed a lawsuit in Federal Court (*Id.*). Plaintiff also requested and received three right-to-sue letters from the EEOC, which are dated April 4, 2007 (Court File No. 64, Attachment 1).⁵

---

³ There is some discrepancy in these dates contained in Plaintiff's filings.

⁴ The form located at Court File No. 52, Attachment 2 is illegible in places and appears to have been altered in some fashion.

⁵ Specifically, there are two identical type-written letters for each separate charge number as well as one notice of right to sue form which relates to Plaintiff's age discrimination claim (Court File No. 64, Attachment 1). Even the most liberal reading of Plaintiff's complaint in the instant action does not reveal an age discrimination claim. Therefore, the Court will not consider Plaintiff's age discrimination claim.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether it appears beyond doubt that the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citations and quotation marks omitted). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.*

(emphasis in original). Conclusory allegations will not suffice as a valid cause of action for violations of constitutional and/or civil rights. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985).

While applying this standard, the Court must be mindful of the fact that a *pro se* complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## III. DISCUSSION

### A. City Defendants' Motion to Dismiss

The City Defendants argue Plaintiff's complaint should be dismissed based upon Plaintiff's failure to meet a condition precedent for filing this action by failing to exhaust his administrative remedies (Court File No. 42). Specifically, the City Defendants assert the EECO had not issued a right-to-sue letter to Plaintiff before he filed the instant complaint (*Id.*). Plaintiff claims he has cured this defect by obtaining right-to-sue letters from the EEOC several months after he filed the instant complaint (Court File No. 67). The City Defendants also argue several of them are not proper parties and should be dismissed from this action.

#### 1. Plaintiff's Failure to Exhaust Administrative Remedies

Generally, in order to bring a Title VII action in federal court a plaintiff must (1) file a timely charge of employment discrimination with the EEOC, and (2) obtain a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)(citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). "Dismissal without

5

prejudice is generally the appropriate remedy for a Title VII claim filed prematurely before administrative remedies are exhausted and a right-to-sue letter secured." *McCarthy v. First American Title Ins. Co*., No. 1:05-CV-409, 2006 WL 1207995, *5 (W.D. Mich. May 1, 2006). However, under the United States Court of Appeals for the Sixth Circuit precedent, the failure to obtain a right-to-sue letter is not a jurisdictional defect; instead a right-to-sue letter is simply a condition precedent. *See Rivers v. Barberton Bd. of Educ*., 143 F.3d 1029, 1032 (6th Cir.1998) (holding a right-to-sue letter is nonjurisdictional). "Accordingly, the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." *Parry v. Mohawk Motors of Michigan, Inc*., 236 F.3d 299, 309 (6th Cir. 2000) (waiving this condition precedent where plaintiff obtained his right-to-sue letter after filing his complaint but prior to its dismissal since defendants did not suffer any prejudice from plaintiff's failure to initially satisfy the condition).

"A Title VII action filed prior to the receipt of statutory notice of the right to sue does not preclude the EEOC from performing its administrative functions, and it is unlikely that permitting the subsequent receipt of a right-to-sue letter to cure the filing defect will encourage plaintiffs to attempt to bypass the administrative process because premature suits are subject to a motion to dismiss at any time before notice of the right to sue is received." *Portis v. State of Ohio*, 141 F.3d 632, 634-35 (6th Cir. 1998) (citing *Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1218 (5th Cir.1982), *cert. denied,* 459 U.S. 1105 (1983)). In *Portis*, the Sixth Circuit found no reason to bar a plaintiff's employment discrimination claim solely on nonjurisdictional grounds where plaintiff received her right-to-sue letter after she filed her complaint. *Portis*, 141 F.3d at 634-35. Even though the City Defendants raised this argument before Plaintiff's receipt of his right-to-sue letter,

Plaintiff has now cured this defect by receiving a total of five right-to-sue letters from the EEOC.[6] The Court can conceive of no reason to dismiss Plaintiff's action and require him to file a subsequent action now that he has received his right-to-sue letters.[7] Additionally, the City Defendants have failed to demonstrate they would suffer prejudice from Plaintiff's failure to initially satisfy this condition. Accordingly, the Court finds waiver of this condition precedent is appropriate and will not **DISMISS** Plaintiff's complaint based solely on his failure to obtain a right-to-sue letter prior to filing it.[8]

### 2. Proper Parties

Plaintiff sued the Chattanooga City Wide Service Department along with several of its employees in both their official and individual capacities, including Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, and Anthony Mitchell. The City Defendants submit these individuals are not proper parties and should be dismissed.

"[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may

---

[6] The record contains two letters dated February 13, 2007 which specifically reference each of Plaintiff's EEOC charge numbers (Court File No. 52), two letters dated April 4, 2007 which specifically reference each of Plaintiff's EEOC charge numbers (Court File No. 64), as well as one notice of right to sue concerning Plaintiff's age discrimination charge (Court File No. 64).

[7] This is particularly true considering Plaintiff is proceeding *pro se*. There is evidence that Plaintiff diligently pursued his right-to-sue letters when he became aware of their necessity (Court File Nos. 52 & 64, Attachment 1).

[8] "Although the failure to receive a right-to-sue letter from the EEOC is a mere condition precedent which may be waived by the parties or the Court, failure to file a charge of discrimination with the EEOC is a jurisdictional defect that may not be waived by the Court." *Reynolds v. Solectron Global Services*, 358 F.Supp.2d 688, 693 n.6 (W.D. Tenn. 2005) (citations omitted). The Court finds it has jurisdiction over Plaintiff's race discrimination claims since he filed two charges of race discrimination with the EEOC before he instituted the instant action.

not be held personally liable under Title VII." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (stating "supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes"); *Frizzell v. Southwest Motor Freight, Inc*., 906 F.Supp. 441, 449 (E.D. Tenn. 1995) (Title VII limited to employers not supervisors). In *Wathen* the Sixth Circuit concluded "an examination of the statutory scheme and remedial provisions of Title VII, convinces us that Congress did not intend to provide for individual employee/supervisor liability under Title VII." *Wathen*, 115 F.3d at 405. Accordingly, the individual Defendants who were supervisors and/or co-workers of Plaintiff, including Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, and Anthony Mitchell, are not proper parties and will be **DISMISSED** in their individual capacities.

Additionally, suing an individual in their official capacity is the same as suing the governmental entity itself. *Ibarra v. Barrett*, No. 3:05-0971, 2007 WL 1191003, at *1, n.1 (M.D. Tenn. April 19, 2007) (finding an official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity and consequently adds nothing to the case). Plaintiff has sued the governmental entity in this case, Chattanooga City Wide Service Department; thus, the Court finds suing the individual Defendants in their official capacities is redundant and unnecessary. Therefore, the Court will also **DISMISS** Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, and Anthony Mitchell in their official capacities. Consequently, the

only remaining City Defendant will be Chattanooga City Wide Service Department.[9]

## B. LuAnn Hawk's Motion to Dismiss

In her response brief to the Court's show cause order regarding Plaintiff's motion/request for entry of default, Hawk argues Plaintiff's claims against her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") because service of process was insufficient (Court File No. 72). Rule 12(b)(5) provides a complaint may be dismissed for "insufficiency of service of process." FED. R. CIV. P. 12(b)(5). Plaintiff sued Hawk in both her official and individual capacities; therefore, he sued both the EEOC, an agency of the United States government, and Hawk personally. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (indicating if a federal employee is sued in her official capacity, the claim is treated as one against the federal agency). In its previous memorandum opinion and order denying Plaintiff's motion/request for default, the Court found neither Hawk individually nor the EEOC were properly served with process pursuant to the requirements of Federal Rule of Civil Procedure 4(i) (Court File Nos. 77 & 78).

Additionally, 120 days have passed since the filing of the complaint in this case. Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . .

---

[9] The Court notes that it appears the City of Chattanooga was Plaintiff's employer and is the proper defendant in this case. Since no party has moved for dismissal on this ground, the Court will construe Plaintiff's *pro se* complaint in this manner.

FED. R. CIV. P. 4(m). Rule 4(m) has two distinct parts. One part of Rule 4(m) gives courts discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown. *Henderson v. United States*, 517 U.S. 654, 662 (1993); *Johnson v. Hayden*, No. 99-3959, 2000 WL 1234354, at *3, n. 3 (6th Cir. Aug. 24, 2000). The other part of Rule 4(m) allows courts, upon a motion, to dismiss a defendant if service of the summons and complaint has not been made within 120 days from the filing of the complaint. Hawk filed her brief requesting dismissal of Plaintiff's claims against her based upon insufficiency of service of process on April 30, 2007 (Court File No. 72). To date, Plaintiff has not responded to Hawk's motion to dismiss; therefore, Plaintiff has not shown good cause to enlarge the 120-day period. Further, although the Court has the discretion to enlarge the 120-day period when good cause has not been shown, it chooses not to do so in this case based upon the existence of additional grounds for dismissal.

As an alternative ground for dismissal, pursuant to Rule 12(b)(6), the Court finds Plaintiff has failed to state a claim against Hawk personally or against the EEOC. Plaintiff's claims against Hawk, in both capacities, allege negligence during the EEOC investigation (Court File No. 3). As the Court previously indicated in its memorandum opinion and order denying Plaintiff's motion/request for default (Court File Nos. 77 & 78), the EEOC and its employees cannot be liable for alleged malfeasance or misfeasance during the investigation of an employment discrimination charge. *Hadded v. E.E.O.C.*, 111 Fed.Appx. 413, 415 (6th Cir. 2004) ("Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."); *see also Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.").

Therefore, the Court finds no set of facts could be proved which would entitle Plaintiff to a recovery against Hawk in her individual capacity or against the EEOC for alleged negligence in connection with its investigation of Plaintiff's employment discrimination claims. Accordingly, pursuant to both Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), the Court will **DISMISS** Plaintiff's claims against LuAnn Hawk both in her individual and official capacities.

IV. **CONCLUSION**

For the foregoing reasons, the Court: (1) will **DENY IN PART** and **GRANT IN PART** the City Defendants' motion to dismiss (Court File No. 40), (2) will **GRANT** Defendant LuAnn Hawk's motion to dismiss (Court File No. 72), and (3) will **DISMISS** Plaintiff's claims against Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, and LuAnn Hawk in both their individual and official capacities.[10] The only remaining Defendant will be Chattanooga City Wide Service Department.

An Order will enter.

**/s/**
**CURTIS L. COLLIER**

---

[10] Plaintiff filed his first amended complaint on May 29, 2007 (Court File No. 75). It appears Plaintiff's amended complaint adds a claim against the defendants pursuant to the Tennessee Human Rights Act ("THRA") and clarifies jurisdictional allegations. The Tennessee Supreme Court has repeatedly recognized the application of federal law to THRA cases. *See, e.g.*, *Parker v. Warren County Utility Dist.*, 2 S.W.3d 170, 172 (Tenn. 1999) (recognizing the Tennessee legislature intended the THRA "to be coextensive with federal law."); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996) (stating the analysis is the same under both the THRA and Title VII); *see also Frizzell v. Southwest Motor Freight Co.*, 154 F.3d 641, 646 (6th Cir. 1998). Accordingly, the Court's holding is unaffected by the filing of Plaintiff's first amended complaint.

**CHIEF UNITED STATES DISTRICT JUDGE**