UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RONALD L. MADDEN, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | 1:06-CV-213 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| CHATTANOOGA CITY WIDE SERVICE ) | |
| DEPARTMENT, ) | |
|     *Defendant*. ) | |

## **M E M O R A N D U M**

On May 31, 2007 the Court entered an order and accompanying memorandum denying *pro se* Plaintiff Ronald L. Madden's ("Plaintiff") motion/request for entry of default against Defendants Chattanooga City Wide Service Department, James Templeton, Bill Neighbors, Tony Boyd, Wayne Wilkerson, LuAnn Hawk, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, Steve Leach, Lee Norris, and Joe Shaw (Court File Nos. 77 & 78). Before the Court is Plaintiff's motion for reconsideration of this order (Court File No. 88).

After the Court entered its order denying an entry of default, Plaintiff filed another request for entry of default against Defendant Chattanooga City Wide Service Department ("City of Chattanooga" or "City") (Court File No. 90) as well another document entitled "motion objecting to answer of defendants" in which he argues default should be entered (Court File No.97).[1] Pursuant to this request, the Clerk entered default on July 12, 2007 (Court File No. 99). Subsequently, Plaintiff filed a motion for default judgment (Court File No. 100) as well as a

---

[1] As the Court has previously indicated, Plaintiff sued the Chattanooga City Wide Service Department; however, the Court recognizes Plaintiff's employer and the appropriate defendant is the City of Chattanooga.

supporting affidavit (Court File No. 101). The City of Chattanooga then filed a motion to set aside default (Court File No. 102) as well as a supporting memorandum of law and affidavit (Court File Nos. 103 & 104). Plaintiff filed a response to the City's motion to set aside default (Court File No. 106) as well as a supporting affidavit (Court File No. 107).

For the following reasons, the Court will **DENY** Plaintiff's motion for reconsideration of its previous order denying default (Court File No. 88). The Court will **GRANT** the City of Chattanooga's motion to set aside the entry of default (Court File No. 102) and the Clerk's entry of default dated July 12, 2007 will be **ORDERED** set aside (Court File No. 99). Additionally, the Court will **DENY** Plaintiff's motion for default judgment (Court File No. 100) and will **ORDER** Plaintiff to refrain from filing any other pleading or document relating to default.

I. **RELEVANT FACTS**

Plaintiff filed his complaint in this Court on October 4, 2006 seeking damages for racial harassment on the job and employment discrimination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981 and 1983 against Chattanooga City Wide Service Department, several of its employees, and an employee of the United States Equal Employment Opportunity Commission ("EEOC"), LuAnn Hawk, who investigated Plaintiff's employment discrimination claim (Court File No. 3). Pursuant to the order granting Plaintiff's application to proceed *In Forma Pauperis* (Court File No. 2), the United States Marshal was charged with serving process on the Defendants. The United States Marshal's process receipt and return has been docketed for each of the Defendants (Court File Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, & 33). Attached to these process receipts are certified mail return

receipts dated October 23, 2006 and October 24, 2006, which are signed by persons other than Defendants (*id.*).

The City of Chattanooga as well as its employees who were named as Defendants filed a motion to dismiss on December 14, 2006 (Court File No. 40) as well as a supporting affidavit and memorandum (Court File Nos. 41 & 42). Plaintiff filed a motion/request for entry of default against all Defendants on March 16, 2007 (Court File No. 58). Defendants subsequently filed their responses in opposition to entry of default (Court File Nos. 57, 61).[2] Subsequently, Plaintiff filed several documents in relation to his request for entry of default (Court File Nos. 63, 66, 67, 74).

The Court issued an order and accompanying memorandum denying Plaintiff's request for entry of default on May 31, 2007 (Court File Nos. 77 & 78). The next day, the Court entered an order which: (1) grated in part and denied in part Defendants Chattanooga City Wide Service Department, Steve Leach, Lee Norris, Joe Shaw, James Templeton, Bill Neighbors, Tony Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd and Anthony Mitchell's motion to dismiss, (2) granted Defendant LuAnn Hawk's motion to dismiss, and (3) dismissed Plaintiff's claims against Steve Leach, Lee Norris, Joe Shaw, James H. Templeton, Bill Neighbors, Tony L. Boyd, Wayne Wilkerson, Jerome Wiggins, George Claiborne, Jr., Albert Lloyd, Anthony Mitchell, and LuAnn Hawk in both their individual and official capacities (Court File Nos. 79 & 80).[3] After the entry of this order the only remaining Defendant is the City of Chattanooga (Court

---

[2] Defendant Darrell Harper filed one of the responses to Plaintiff's request for default. Harper was dismissed from this action on March 21, 2007 when the Court granted his motion to dismiss (Court File Nos. 59 & 60).

[3] Plaintiff has filed a motion for interlocutory appeal requesting this Court to certify this decision to the United States Court of Appeals for the Sixth Circuit (Court File No. 86). The Court will address this motion in a separate order.

File No. 80). On June 15, 2007, Plaintiff filed a motion to reconsider the Court's order denying default against the City of Chattanooga as well as the other individual Defendants (Court File No. 88).[4]

On June 25, 2007, Plaintiff entered a second request for entry of default against the City of Chattanooga (Court File No. 90) as well as a supporting affidavit (Court File No. 91). Thereafter, on June 27, 2007 the City of Chattanooga filed an answer to Plaintiff's complaint (Court File No. 92). On July 11, 2007 Plaintiff filed a "motion objecting to answer of defendants" in which he again argues default should be entered against the City of Chattanooga (Court File No. 97).

On July 12, 2007, despite the fact that there was an answer on file, the Clerk entered default against the City of Chattanooga (Court File No. 99). Thereafter, Plaintiff filed a motion for default judgment (Court File No. 100). On the same day, Defendant City of Chattanooga filed a motion to set aside default (Court File No. 102).

## II.   DISCUSSION

### A.   Plaintiff's Motion to Reconsider Previous Order Denying Default

Plaintiff filed a motion requesting this Court to reconsider its previous order of May 31, 2007, which denied Plaintiff's request for entry of default against all the Defendants in this case (Court File No. 78) ("May 31 Order"). Plaintiff does not cite any law in support of his motion to reconsider. Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") and Federal Rule of Civil Procedure 60 ("Rule 60") both address requesting relief from a court order. Rule 59(e) authorizes

---

[4] Plaintiff has also filed a motion for writ of mandamus with the United States Court of Appeals for the Sixth Circuit requesting an order instructing this Court to find Defendant LuAnn Hawk in default (Court File Nos. 81 & 87) (Sixth Circuit Docket # 07-5700).

4

motions to alter or amend a judgment if filed within ten days after entry of the judgment. As indicated the Court's order was entered on May 31, 2007 and Plaintiff filed his motion to reconsider on June 15, 2007. More than ten (10) days elapsed, accordingly, Plaintiff may not rely upon Rule 59(e).

Under Rule 60, a court has discretion to provide relief from a judgment or order upon a showing of cause within a reasonable time. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). With regard to the catch-all provision of Rule 60(b)(6), the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations and quotation marks omitted).

Motions to reconsider under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan.

1996). Rule 60(b) motions are addressed to the sound discretion of the district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "[A] Rule 60(b) motion is not a substitute for an appeal." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 539 (S.D.N.Y. 1996).

Plaintiff has not provided sufficient grounds to alter or amend the Court's previous order. In his motion, Plaintiff simply restates the language of Federal Rule of Civil Procedure 55(a) without showing a manifest error of law or fact, newly discovered evidence, or a change in the law. Additionally, Plaintiff has not shown the existence of exceptional or extraordinary circumstances which would justify applying the catch-all provision of Rule 60. Consequently, the Court declines to alter or amend its previous order as it is well reasoned and supported by applicable law.

Plaintiff also argues the Court improperly considered whether service of process was proper in the May 31 Order. Even though the Court mentioned it questioned whether the City of Chattanooga and the individual City employee Defendants were properly served, that did not serve as the basis for its decision to deny Plaintiff's request for default as to those Defendants.[5] However, the Court appropriately considered service of process issues in relation to default against Defendant LuAnn Hawk as she specifically argued insufficiency of service of process in her first pleading (her

---

[5] The Court denied Plaintiff's initial request for default based upon the fact that the City of Chattanooga and the individual City employee Defendants had a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) pending before the Court (Court File No. 78) (citing *Rowe v. Register*, 172 F. App'x. 660, 661 (6th Cir. 2006) (the granting of default judgment is not appropriate where defendants have filed a motion to dismiss).

6

response to the Court's show cause order).[6] *See* FED. R. CIV. P. 12(h). Accordingly, the Court finds Plaintiff's motion for reconsideration is without merit and it will therefore be **DENIED**.

### B. Clerk's Entry of Default and City's Motion to Set Aside Default

After the Court denied Plaintiff's initial request for entry of default, Plaintiff filed a second request for default (Court File No. 90). Subsequently, the Clerk entered default against the City of Chattanooga. On the City's motion, the Court will set aside this entry of default since the City has filed both a motion to dismiss and an answer to Plaintiff's complaint.

A party against whom default has been entered may petition the Court to set aside such entry for good cause, and upon a showing of mistake, or any other just reason. *See* FED. R. CIV. P. 55(c); *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). Rule 55(c) empowers courts to grant relief from an entry of default "for good cause shown," which is to be determined by considering: (1) whether the plaintiff would be prejudiced, (2) whether the defendant has a meritorious claim or defense, and (3) whether the defendant's culpable conduct led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).[7]

The decision to set aside entry of default is left to the district court's sound discretion. *Weiss*, 283 F.3d at 795; *United States v. Real Property & All Furnishings Known as Bridwell's*

---

[6] The Court also denied Plaintiff's request for entry of default against Defendant LuAnn Hawk ("Hawk") since Plaintiff did not establish a right to relief against her (Court File No. 78).

[7] However, where an entry of default has ripened into a default judgment, a stricter standard of review applies. *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999). "[O]nce the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Since the Court has not entered default judgment, this stricter standard does not apply.

*Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) ("the district court enjoys considerable latitude under the good cause shown standard of Rule 55(c) to grant a defendant relief from a default entry") (internal quotation marks and citations omitted). Federal courts favor trials on the merits, thus "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (internal quotations and citations omitted) (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)); *see also Marbly v. Dept. of Treasury*, 22 F. App'x. 371, 372 (6th Cir. 2001); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

As previously indicated, the Court denied Plaintiff's initial request for entry of default since the City of Chattanooga had filed a motion to dismiss. After the Court ruled this motion on May 31, 2007, the City subsequently filed an answer to Plaintiff's complaint on June 27, 2007, prior to the Clerk's entry of default on July 12, 2007. While there may have been some delay in answering Plaintiff's complaint, the Court finds it was not significant enough to prejudice Plaintiff. The Court does not believe such delay was willful or that the City exhibited any culpable conduct which lead to the default. Additionally, the City of Chattanooga was not dilatory since it immediately filed its motion to set aside default on the same day the Clerk entered default. As the City of Chattanooga had filed an answer, the Court finds default was improperly entered and will decide this case on its merits. Therefore, the Court will **GRANT** the City of Chattanooga's motion to set aside default (Court File No. 102). It follows that the Court will **DENY** Plaintiff's motion for default judgment (Court File No. 100).

### C. Further Direction to Plaintiff concerning Default

8

Plaintiff has filed a request for entry of default against the City of Chattanooga twice and twice the Court has found default is not appropriate. Additionally, throughout the pendency of this proceeding, Plaintiff has continued to file various documents relating to his requests for default. *See* Court File Nos. 63, 66, 67, 74, 81, 88, 91, 97, 100, 101, 106, 107.[8] As the Court has clearly decided default is not appropriate in this case, the Court finds future filings by Plaintiff relating to his request for default are a burden on judicial resources and should be prohibited. The Court has inherent control over its docket and "the court of appeals will not interfere with the trial court's control of its docket except upon clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x. 597, 599 (6th Cir. 2003) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)).

Accordingly, the Court will **ORDER** Plaintiff to refrain from filing any further pleading or document which relates to his request for default. This will apply to Plaintiff's request for default against the City of Chattanooga and/or any of the previous Defendants in this case. The Court will also **ORDER** the Clerk to comply with the Court's directive.

## III.  CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion for reconsideration of its previous order denying default (Court File No. 88). The Court will **GRANT** the City of Chattanooga's motion to set aside the entry of default (Court File No. 102) and the Clerk's entry of default dated July 12, 2007 will be **ORDERED** set aside (Court File No. 99). Additionally, the

---

[8] To the extent Court File No. 97 entitled "motion objecting to answer of defendants" can be construed as a motion it will be **DENIED** as there is no basis in the law for such.

Court will **DENY** Plaintiff's motion for default judgment (Court File No. 100) and will **ORDER** Plaintiff to refrain from filing any other pleading or document relating to default.

An order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**